**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

JAMES K. FORD,                    :
                                  :    Civil Action No. 12-708 (JAP)
            Plaintiff,            :
                                  :
        v.                        :    **OPINION**
                                  :
THE STATE OF NEW JERSEY,          :
et al.,                           :
                                  :
            Defendants.           :


**APPEARANCES**:

Plaintiff pro se
James K. Ford
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876

**PISANO**, District Judge

    Plaintiff James K. Ford, a prisoner confined at Somerset County Jail, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.  Plaintiff names the State of New Jersey and Attorney General Paula Dow as Defendants.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff alleges that Defendants should have known of the actions of the Bergen County Prosecutor's Office which he claims led to malicious prosecution during his currently pending New Jersey State Court criminal indictment.  Specifically, Plaintiff contends that members of the Bergen County Prosecutor's Office and Somerset County Prosecutor's Office conspired with a confidential informant, which ultimately led to malicious prosecution of the defendant and prosecutorial misconduct on behalf of both prosecutor's offices.

Plaintiff seeks relief in the form of the dismissal of his pending criminal indictment and monetary compensation of fifty million dollars.

Even though the Complaint had not yet been filed against any Defendants, on April 3, 2012 Defendant The State of New Jersey filed a Motion to Dismiss (docket entry no. 6).

II.  STANDARD OF REVIEW

A.  Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948). See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

4

> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III.   DISCUSSION

A.   Federal Claims

Though the allegations in the Complaint stem from the alleged actions of two different prosecutors' offices, Plaintiff brings this action against the State of New Jersey and Paula T. Dow.

Any claims that Plaintiff attempts to assert against the State or Attorney General Paula T. Dow[1] shall be dismissed. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

---

[1] The claims do not appear to be alleged against Paula T. Dow individually but rather in her official capacity as the Attorney General of New Jersey.

prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

To the extent that Plaintiff seeks damages from Paula T. Dow in any supervisory capacity, that claim fails. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* [and] a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.  Moreover, in Van de Kamp, the Supreme Court held that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and failing to create any system for accessing information pertaining to the benefits provided to jailhouse informants.  See Van de Kamp, 555 U.S. at 244-45.

Finally, Plaintiff also seeks injunctive relief in the form of an order dismissing the New Jersey State court criminal indictment against him.  This claim will be dismissed because federal courts are barred from interfering with a state criminal prosecution.  See Younger v. Harris, 401 U.S. 37, 45 (1971)("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"); Wallace v. Fegan, 455 Fed. App'x 137, 139 (3d Cir. 2011).

Because defendants are immune from suit for damages and Plaintiff's allegations fail to otherwise state a claim under § 1983, the Court will dismiss the federal claims raised in the Complaint.  The Court will not grant leave to file an amended complaint because nothing set forth in the Complaint indicates that Plaintiff could at this time assert facts that would state a

cognizable claim under 42 U.S.C. § 1983 with respect to his prosecution.

B.  Supplemental Jurisdiction

To the extent that Plaintiff asserts state tort claims, the Court declines to exercise supplemental jurisdiction over them because all federal claims over which the Court has original jurisdiction are being dismissed.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 383 F.2d 1277, 1284-85 (3d Cir. 1993).

IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.  An appropriate order follows.

    /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: July 31, 2012